IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAUS D. FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>J. JOHNSON, et al.,<br><br>    Defendants. | No. 2:19-CV-0314-JAM-DMC-P<br><br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motion for modification of the August 2, 2019, scheduling order (ECF No. 23); and (2) plaintiff's motion for the appointment of counsel (ECF No. 22).

        On August 2, 2019, the court issued a scheduling order permitting the parties to conduct discovery through December 9, 2019. See ECF No. 20. In his motion for modification of the scheduling order, plaintiff seeks an extension of time to conduct discovery to December 9, 2019. Because discovery has been permitted through this date, plaintiff's motion will be denied as unnecessary.

/ / /

/ / /

/ / /

1

Turning to plaintiff's motion for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff argues that appointment of counsel is warranted because he is indigent and incarcerated. At the outset, the court observes these are not exceptional circumstances but are circumstances common to almost every prisoner litigant. Second, a review of the docket reflects plaintiff has been able to articulate his claims, which are neither factually nor legally complex. Finally, at this stage of the proceedings before discovery has been completed or any dispositive motions have been filed, plaintiff has not demonstrated any particular likelihood of success on the merits.

///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that;

    1. Plaintiff's motion for modification of the scheduling order (ECF No. 23) is denied as unnecessary; and

    2. Plaintiff's request for the appointment of counsel (ECF No. 22) is denied.

Dated: September 25, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE