IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS D. FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>J. JOHNSON, et al.,<br><br>    Defendants. | No. 2:19-CV-0314-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to amend (ECF No. 27), filed on November 25, 2019.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of

judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Here, plaintiff's motion for leave to amend was filed on November 25, 2019. See ECF No. 27. Leave to amend is required because more than 21 days have passed since defendants filed their answer on July 2, 2019, and defendants have not stipulated to amendment. Because leave to amend is required, plaintiff must show, among other things, that there was no unreasonable delay in seeking leave to amend. See Jackson, 902 F.2d at 1387. Plaintiff's current "motion" consists solely of a proposed amended complaint. See ECF No. 27. Plaintiff does not provide the court with any argument or authorities explaining why the court should permit amendment at this time. In particular, plaintiff does not address delay. As defendants note in their opposition to plaintiff's motion, see ECF No. 28, plaintiff initiated this action in February 2019, and thereafter the case was found appropriate for service, see ECF No. 7 (service order), defendants answered, see ECF No. 17 (answer), and the court scheduled the matter on August 2, 2019, see ECF No. 20 (scheduling order). In the scheduling order, the court directed that discovery be completed by December 9, 2019. See ECF No. 20. Plaintiff has not explained in any way why he waited until the end of November 2019 – the eve of the close of discovery – to seek leave to amend.

In this regard, the court observes that plaintiff's complaint alleges the use of excessive force during a cell extraction on July 16, 2018. See ECF No. 1. Plaintiff also alleges he was denied medical care for injuries sustained as a result of the use of excessive force. See id. In the proposed amended complaint, plaintiff now alleges for the first time that, during the cell extraction, he was taken to a warehouse and sodomized by three of the named defendants. See ECF No. 27. This new claim is based on facts which were known to plaintiff as early as July 2018. Plaintiff does not explain why he could not have included this claim in the original

complaint or why he waited until November 2019 to raise it.

Absent any showing concerning delay, the court cannot find plaintiff has established good cause for leave to amend.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to amend (ECF No. 27) is denied, without prejudice to a renewed motion, properly supported by the information found to be incomplete or inadequate at this time.

Dated: January 21, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE